IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CRYSTAL DAWN ALBARRAN-GIRON )
)
Child A, a minor child, )
Through mother and guardian ad litem, )
Crystal Dawn Albarran-Giron )
)
Child B, a minor child, )
Through mother and Guardian Ad Litem, )
Crystal Dawn Albarran-Giron )
)
Child C, a minor child, by )
Mother and Guardian Ad Litem, Crystal )
Dawn Albarran-Giron )
)
JUAN ALBARRAN-GIRON, deceased, )
Through surviving widow, Crystal Dawn )
Albarran-Giron )
)
Plaintiffs, )
)
v. ) Case No.:
)
RONALD HARPER, )
)
RICHARD LEE ALDRICH, )
)
CON-WAY TRUCKLOAD, INC., dba )
CON-WAY TRUCKLOAD, )
)
CON-WAY INC., )
)
ACE AMERICAN INSURANCE CO., )
)
ACE LIMITED. )
)
Defendants. )

**DEFENDANTS CON-WAY TRUCKLOAD, INC. AND CON-WAY, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a), Defendants, Con-way Truckload, Inc. and Con-way, Inc., (collectively "Con-way"), file the following Notice of Removal and would show the Court as follows:

**I.**

An action was originally commenced by Plaintiffs against Defendant Ronald Harper ("Harper"), a resident of Oklahoma, in the District Court in and for Lincoln County, Oklahoma. Plaintiffs subsequently filed an Amended Petition, naming Richard Lee Aldrich ("Aldrich"), Con-way Truckload, Inc., Con-way, Inc., Ace American Insurance Co, and Ace Limited, (collectively "Ace") as additional defendants. This action was numbered CJ 2009-37. The following process, pleadings, and orders have been served or filed in such action, and are attached hereto as Exhibits "1" through "15":

1. Petition.
2. Amended Petition.
3. Joint Motion to Settle the Claims of Minors
4. Order Approving Settlement Agreement with Minors
5. Supplemental Order Regarding Child C
6. Supplemental Order Regarding Child A
7. Supplemental Order Regarding Child B
8. Stipulation of Dismissal as to Ronald Harper
9. Order of Dismissal as to Ronald Harper
10. Release in Full of All Claims and Rights (Child C)
11. Release in Full of All Claims and Rights (Child A)
12. Release in Full of All Claims and Rights (Child B)

13. Release in Full of All Claims and Rights (Crystal Dawn Albarran Giron, individually)

14. Release in Full of All Claims and Rights (Crystal Dawn Albarran Giron, as wife and next friend of Juan Albarran Giron)

15. Defendants Con-way Truckload, Inc. and Con-way, Inc.'s Notice of Removal of Action to Federal Court.

A copy of the docket sheet from that action is attached hereto as Exhibit "16."

**II.**

This Court has jurisdiction over this case and removal is proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. In their Amended Petition, Plaintiffs allege to be residents of Oklahoma. Con-way, Inc. is a Delaware corporation with its principal place of business in California. Con-way Truckload, Inc. is a Missouri corporation with its principal place of business in Missouri. Aldrich is a resident of North Carolina. Ace American Insurance Co. is a Pennsylvania corporation with its principal place of business in Pennsylvania. Ace Limited is a Swiss corporation with its principal place of business in Switzerland. Although Harper is a resident of Oklahoma, he was dismissed from the action on May 26, 2009. *See* Exhibits 8 & 9. This action involves claims of negligence and wrongful death directly against Aldrich, and indirectly against Con-way through *respondeat superior*. Plaintiffs contend that Aldrich negligently operated his vehicle and failed to offer first aid assistance to Mr. Albarran Giron, which allegedly led to his death. Plaintiffs have joined Ace as insurance carrier defendants.

Although Plaintiffs' Petition (Exhibit 1) and Amended Petitions (Exhibit 2) do not specify the amount of Plaintiffs' damages, this lawsuit involves five (5) separate plaintiffs

claiming a multitude of damages. Although Con-way disputes liability and damages, Plaintiffs have alleged the following damages:

1. The loss of Mr. Albarran Giron's life.
2. The loss of Mrs. Albarran Giron's spouse.
3. The loss of the Albarran children's father.
4. Mr. Albarran Giron's "quick tremendous pain."
5. The Albarran children's "severe emotional distress" in that allegedly:
    a. the Albarran children were in "extremely close proximity" to the alleged impact between Aldrich's vehicle,
    b. the Albarran children "were forced to view and hear" the alleged impact,
    c. the Albarran children were in the "zone of danger" of Aldrich's vehicle striking the children
    d. the Albarran children continue to suffer from "memories regarding the subject incident and the loss of their father."
6. Mrs. Albarran Giron's continuing "severe emotional distress" as she also claims to have been in the "zone of danger."

*See* Exhibit 1, ¶¶ 49-50.

Additionally, the Albarran children settled their claims against Harper in exchange for his liability insurance policy limits of $50,000.[1] *See* Exhibits 3-14. In fact, the Albarran children each settled their claims against Harper for $16,667 each even though the settlement documents indicate that none of the children suffered medical expenses. Given that the Albarran children

---

[1] While Mrs. Albarran Giron settled her claims and those on behalf of Mr. Albarran Giron, it was for the token amount of One Dollar ($1).

settled their claims against Harper for $50,000, and that they assert additional damages against Aldrich and Con-way, it is probable that the Albarran children's damage claims, alone, are in excess of $75,000. When Mrs. Albarran Giron's individual damages, and those on behalf of Mr. Albarran Giron, are considered, there are jurisdictional facts sufficient to find that damage claims in this wrongful death case are in excess of $75,000. Accordingly, Con-way and its counsel represent to this Court in good faith that the damages claimed by Plaintiffs in this lawsuit are in excess of $75,000, exclusive of costs and interest. Therefore, this is a controversy between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000, making this case removable under 28 U.S.C. § 1332 and § 1441.

**III.**

Con-way was served with this lawsuit on or about June 2, 2009. Therefore, this Notice of Removal is timely filed within thirty (30) days of the case becoming removable.

**IV.**

Contemporaneous with the filing of this Notice of Removal, Con-way has given the District Court in and for Lincoln County, Oklahoma, written notice of the same in the form attached hereto as Exhibit 15.

Respectfully submitted,

/s/ Randall E. Long, OBA #22216

DAN S. FOLLUO OBA #11303
RANDALL E. LONG OBA #22216
Rhodes, Hieronymus, Jones, Tucker, and Gable
P.O. Box 21100
Tulsa, OK 74121-1100
(918) 582-1173
(918) 592-3390 (facsimile)
Attorneys for Con-way Truckload, Inc. and Con-way, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25 day of June, 2009, I electronically transmitted the foregoing document to the Clerk of the Court using ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John L. Branum

/s/ Dan S. Folluo, OBA #11303