IN THE DISTRICT COURT OF LINCOLN COUNTY
STATE OF OKLAHOMA

CRYSTAL DAWN ALBARRAN-GIRON  )
                                                              )
Child A,              A MINOR CHILD, )        Case No.  CJ-09-37
THROUGH MOTHER AND GUARDIAN )
AD LITEM, CRYSTAL DAWN          )
ALBARRAN-GIRON                      )
                                                              )
Child B,              A MINOR         )
CHILD, THROUGH MOTHER AND    )
GUARDIAN AD LITEM, CRYSTAL   )
DAWN ALBARRAN-GIRON           )
                                                              )
Child C,              , A MINOR CHILD, )
BY MOTHER AND GUARDIAN        )
AD LITEM, CRYSTAL DAWN         )
ALBARRAN-GIRON                      )
                                                              )
AND                                             )
                                                              )
JUAN ALBARRAN-GIRON,             )
DECEASED, THROUGH SURVIVING  )
WIDOW, CRYSTAL DAWN             )
ALBARRAN-GIRON                      )
                                                              )
Plaintiffs                                    )
                                                              )
V.                                                )
                                                              )
RONALD HARPER                          )
                                                              )
RICHARD LEE ALDRICH               )
                                                              )
CON-WAY TRUCKLOAD, INC.         )
DBA CON-WAY TRUCKLOAD         )
                                                              )
CON-WAY INC.                               )
                                                              )
ACE AMERICAN INSURANCE       )
CO.                                               )
                                                              )
AND                                             )
                                                              )
ACE LIMITED                               )
                                                              )
Defendants                                  )

FILED

CINDY KIRBY CT. CLK.
LINCOLN CO., OKLA.
2009 MAY 19  PH 3: 23

EXHIBIT
"2"

## AMENDED PETITION

Come now Plaintiffs and allege the following:

### PLAINTIFFS

1.  Plaintiff, Crystal Dawn Albarran-Giron, is an individual person and resident of Oklahoma.

2.  Plaintiffs, Child A, Child B and Child C , are minor children and residents of Oklahoma.

3.  Crystal Dawn Albarran-Giron is the mother of Child A, Child B and Child C.

4.  Crystal Dawn Albarran-Giron is this Court's appointed Guardian Ad Litem of Child A, Child B and Child C with authority to prosecute the subject lawsuit and safeguard funds recovered as a result of same. See *Petition for Appointment of Guardian Ad Litem of* Child A, Child B and Child C and *Order* regarding same.

5.  Juan Albarran-Giron is a deceased individual who was killed December 24, 2008.

6.  Juan Albarran-Giron is survived by his wife, Crystal Dawn Albarran-Giron, and three children, Child A, Child B and Child C.

7.  "In all cases where...the party... [is] a resident of this state, [and] no personal representative is or has been appointed, [a wrongful death action] may be brought by the widow, or where there is no widow, by the next of kin of such deceased." 12 O.S. §1054.

8.  Juan Albarran-Giron was a resident of Oklahoma at the time of his passing.

9.  A personal representative has not been appointed on behalf of the estate of Juan Albarran-Giron.

10. The widow and next of kin of Juan Albarran-Giron is Crystal Dawn Albarran-Giron.

11.     Plaintiff, Crystal Dawn Albarran-Giron, (individually) is hereafter referred to as "mom".

12.     Plaintiff, Child A     , a minor child, through mother and guardian ad litem, Crystal Dawn Albarran-Giron, is hereafter referred to as ' Child A.

13.     Plaintiff, Child B     , a minor child, through mother and guardian ad litem, Crystal Dawn Albarran-Giron, is hereafter referred to as ' Child B.

14.     Plaintiff, Child C     , a minor child, through mother and guardian ad litem, Crystal Dawn Albarran-Giron, is hereafter referred to as ' Child C.

15.     Plaintiffs, Children A, B and C     are hereafter collectively referred to as "children".

16.     Plaintiff, Juan Albarran-Giron, deceased, through surviving widow, Crystal Dawn Albarran-Giron, is hereafter referred to as "dad".

### DEFENDANTS

17.     Defendant, Ronald Harper, is an individual person, who is hereafter referred to as "Harper".

18.     Harper is a resident of Oklahoma.

19.     Defendant, Richard Lee Aldrich, is an individual person who is hereafter referred to as "Aldrich".

20.     Aldrich is a resident of Oklahoma.

21.     Defendant, Con-way Truckload, Inc. is a corporation with its principal offices and headquarters in Joplin, Missouri.  It is licensed to operate semi-trucks throughout the United States.

22.     Defendant, Con-way Truckload, Inc. commonly does business as Con-way truckload and reports this name to various federal agencies and in public reporting pertaining to truckload operations as part of its parent company.

23.  Defendant, Con-way Truckload, Inc. DBA Con-way truckload, owns and operates five terminals, uses various drop yards for temporary trailer storage throughout the United States, and owns/operates about 2,900 tractors and 8,200 trailers.

24.  Defendant, Con-way Truckload, Inc. DBA Con-way truckload, systematically and continuously operates semi-trucks throughout the state of Oklahoma.

25.  Defendant, Con-way Truckload, Inc. is a subsidiary of Con-way Inc.

26.  Defendant, Con-way Inc. is a Delaware Corporation with its principal offices in California.

27.  At all times material hereto, Con-way Truckload Inc. DBA Con-way truckload acted as the agent of and at the direction of Con-way Inc.

28.  The activities and financial accounts of Con-way Truckload Inc. are so intermingled between itself and other various sub-entities owned by Con-way Inc., that these subject entities are essentially one in the same and should be treated as such.

29.  Con-way Truckload Inc., Con-way Inc., and Con-way truckload are all hereafter collectively referred to as "Conway".

30.  Conway regularly operates its semi-trucks over the roads in the state of Oklahoma.

31.  Defendant, Ace American Insurance Co., provided the first layer of bodily injury liability insurance for Con-Way Truckload, Inc. as of December 24, 2008.

32.  Defendant, Ace Limited, is a parent company of Ace American Insurance Co.

33.  At all times material hereto, Ace American Insurance Co. acted at the direction of and as agent of Ace Limited, the parent company.

34.  The financial accounting of Ace American Insurance Co. and Ace Limited are sufficiently intermingled to permit holding both entities legally liable for the subject losses.

35.  Ace Limited is a corporation organized and with principal offices in Switzerland.

36.   The above referenced insurance related entities are hereafter referred to as "ACE".

JURISDICTION/VENUE

37.   Venue is proper pursuant to 12 O.S. §141 as the subject car collisions occurred in
      Lincoln County, state of Oklahoma.

ALLEGATIONS PERTAINING TO DEFENDANT RONALD HARPER

38.   The allegations in this section only pertain to Harper.

39.   Harper negligently operated a motor vehicle on December 24, 2008.

40.   As a result of Harper's negligence, a collision occurred between the vehicle driven
      by Harper and the vehicle being used by the Albarran family.

41.   As a result of Harper's negligence, mom incurred the following individual harms
      and losses (damages) in an amount in excess of $10,000:

      a.   severe permanent bodily injuries;

      b.   medical expenses;

      c.   physical pain and suffering;

      d.   property damages;

      e.   attorneys fees;

      f.   costs; and

      g.   disfigurement.

42.   As a result of Harper's negligence, dad incurred the following harms and losses
      (damages) in excess of $10,000:

      a.   bodily injuries;

      b.   physical pain and suffering; and

      c.   property damages.

43.   As a result of Harper's negligence, children incurred harms and losses (damages) in
      excess of $10,000.

ALLEGATIONS PERTAINING TO RICHARD LEE ALDRICH

44. The allegations in this section only pertain to Aldrich.

45. Aldrich negligently operated a semi-truck on December 24, 2008 in at least the following ways:

    a. Aldrich failed to devote full time and attention to driving.

    b. Aldrich failed to maintain a safe distance between the semi-truck Aldrich was operating and the vehicles and people in front of the semi-truck.

    c. Aldrich failed to lower his speed and stop the tractor before hitting dad.

    d. Aldrich failed to respond properly to danger.

    e. Aldrich failed to take proper evasive action to avoid hitting dad.

    f. Aldrich failed to offer first aid assistance to dad.

    g. Aldrich failed to do whatever was necessary to avoid hitting dad.

46. As a result of Aldrich's negligence, a collision occurred between the semi-truck driven by Aldrich and dad.

47. Dad was alive at the time that the semi-truck driven by Aldrich struck dad.

48. As a direct result of Aldrich's negligence, dad was wrongfully killed.

49. As a direct result of Aldrich's negligence the following losses (damages) were incurred which are in excess of $10,000:

    a. Dad lost his life.

    b. Mom lost her husband.

    c. Children lost their father.

    d. Dad incurred quick tremendous pain.

    e. Children incurred severe emotional distress.

        i. Children were in extremely close proximity to the impact between the semi-truck driven by Aldrich and dad.

    ii. Children were forced to view and hear the semi-truck nearing dad and then striking dad, from very close proximity.

    iii. Children were in the zone of danger of the semi-truck striking children.

  f. Children continue to incur severe emotional distress due to at least the following:

    i. Memories regarding the subject incident and

    ii. The loss of their father.

  g. Mom incurred severe emotional distress and continues to do so.

50. Only if this Court were to ever inaccurately determine that dad had passed away prior to the impact between the semi truck driven by Aldrich and dad, then the following is alleged in the alternative:

  a. As a result of Aldrich's negligence, children and mom were inflicted with severe emotional trauma and distress as a result of being forced to hear and view dad's body being struck by a semi-truck tractor and undercarriage.

  b. Children and mom were in the zone of danger of the semi-truck's negligence at the same of the subject occurrence.

  c. Children and mom are family members of dad.

## ALLEGATIONS PERTAINING TO CONWAY

51. At all times material hereto, Aldrich was employed by, acting within the scope of his employment with, acting as an agent of, and acting to further the business mission of Conway.

52. Conway is responsible for the damages caused by the tortuous actions of Aldrich which were committed on December 24, 2008.

## ALLEGATIONS PERTAINING TO ACE

53. At all times material hereto, Conway, was insured by Ace.

54.   Conway is a motor carrier and private carrier as defined by 47 O.S. §230.22 and §230.23(9).

55.   As such, pursuant to 47 O.S. §230.30, Ace American Insurance Co. and its parent company are properly named defendants in the above captioned action.

56.   Under Surety jurisprudence, Ace is a properly named entity.

## CONCLUSION

57.   Plaintiffs demand judgment against Defendants for an amount in excess of $10,000.

RESPECTFULLY SUBMITTED

Carr & Carr Attorneys

by: _John Branum_

John L. Branum, OBA #20165
1350 S.W. 89th Street
Oklahoma City, OK 73159
(405) 249-4215 Phone
**Attorneys for Plaintiff**

Attorney's Lien Claimed