IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL DAWN ALBARRAN-GIRON, ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: CIV-09-0675-HE ) |
| RONALD HARPER, ET AL., | ) ) |
| Defendants. | ) |

### AMENDED ANSWER OF CON-WAY TRUCKLOAD, INC. AND CON-WAY, INC.

COME NOW the Defendants, Con-way Truckload, Inc. and Con-way, Inc. (collectively "Con-way"), and for their Amended Answer to Plaintiffs' Amended Petition, states in numerical sequence as follows:

1.  Con-way is without sufficient information to either admit or deny the allegations contained in paragraph No. 1 of Plaintiffs' Amended Petition, therefore they are denied.

2.  Con-way is without sufficient information to either admit or deny the allegations contained in paragraph No. 2 of Plaintiffs' Amended Petition, therefore they are denied.

3.  Con-way is without sufficient information to either admit or deny the allegations contained in paragraph No. 3 of Plaintiffs' Amended Petition, therefore they are denied.

4.  Paragraph No. 4 of Plaintiffs' Amended Petition does not appear to contain any allegations, but merely recites the procedural posture of this matter. To the extent that paragraph No. 4 of Plaintiffs' Amended Petition contains allegations, Con-way is without sufficient information to either admit or deny the allegations, therefore they are denied.

5.  Con-way admits the allegations contained in paragraph No. 5 of Plaintiffs' Amended Petition.

6. Con-way admits the allegations contained in paragraph No. 6 of Plaintiffs' Amended Petition.

7. Paragraph No. 7 of Plaintiffs' Amended Petition does not contain any allegations, but merely recites a provision of Oklahoma's Wrongful Death Statute; therefore, no response is required.

8. Con-way is without sufficient information to either admit or deny the allegations contained in paragraph No. 8 of Plaintiffs' Amended Petition, therefore they are denied.

9. Con-way is without sufficient information to either admit or deny the allegations contained in paragraph No. 9 of Plaintiffs' Amended Petition, therefore they are denied.

10. Con-way is without sufficient information to either admit or deny the allegations contained in paragraph No. 10 of Plaintiffs' Amended Petition, therefore they are denied.

11. Paragraph No. 11 of Plaintiffs' Amended Petition does not contain any allegations, therefore no response is required.

12. Con-way admits that Child A is a minor child.

13. Con-way admits that Child B is a minor child.

14. Con-way admits that Child C is a minor child.

15. Paragraph No. 15 of Plaintiffs' Amended Petition does not contain any allegations, therefore no response is required.

16. Con-way admits that Juan Albarran-Giron is deceased.

17. Con-way admits that Ronald Harper is an individual person.

18. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 18 of Plaintiffs' Amended Petition, therefore they are denied.

19. Con-way admits that Richard Lee Aldrich is an individual person.

20. Con-way denies the allegations contained in paragraph No. 20 of Plaintiffs' Amended Petition.

21. Con-way admits the allegations contained in paragraph No. 21 of Plaintiffs' Amended Petition.

22. Con-way denies the allegations contained in paragraph No. 22 of Plaintiffs' Amended Petition.

23. Con-way admits the allegations contained in paragraph No. 23 of Plaintiffs' Amended Petition.

24. Con-way admits that Con-way Truckload, Inc. does business in the State of Oklahoma.

25. Con-way admits the allegations contained in paragraph 25 of Plaintiffs' Amended Petition.

26. Con-way admits the allegations contained in paragraph 26 of Plaintiffs' Amended Petition.

27. Con-way denies the allegations contained in paragraph No. 27 of Plaintiffs' Amended Petition.

28. Con-way denies the allegations contained in paragraph No. 28 of Plaintiffs' Amended Petition.

29. Paragraph No. 29 contains no allegations, therefore no response is required.

30. Con-way admits that it does business in the State of Oklahoma.

31. Con-way admits that it had in effect a liability insurance policy provided by Defendant, Ace American Insurance Company as of December 24, 2008.

32. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 32 of Plaintiffs' Amended Petition, therefore they are denied.

33. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 33 of Plaintiffs' Amended Petition, therefore they are denied.

34. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 34 of Plaintiffs' Amended Petition, therefore they are denied.

35. Con-way admits the allegations contained in paragraph 35 of Plaintiffs' Amended Petition.

36. Paragraph No. 36 of Plaintiffs' Amended Petition contains no allegations, therefore no response is required.

37. Con-way admits the allegations contained in paragraph 37 of Plaintiffs' Amended Petition. However, specifically denies that any of its vehicles were involved in a collision in Lincoln County, Oklahoma on December 24, 2008.

38. Paragraph No. 38 of Plaintiffs' Amended Petition contains no allegations, therefore no response is required.

39. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 39 of Plaintiffs' Amended Petition, therefore they are denied.

40. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 40 of Plaintiffs' Amended Petition, therefore they are denied.

41. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 41 of Plaintiffs' Amended Petition, therefore they are denied.

42. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 42 of Plaintiffs' Amended Petition, therefore they are denied.

43.	Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 43, therefore they are denied.

44.	Paragraph No. 44 of Plaintiffs' Amended Petition contains no allegations, therefore no response is required.

45.	Con-way denies the allegations contained in paragraph No. 45 of Plaintiffs' Amended Petition.

46.	Con-way denies the allegations contained in paragraph No. 46 of Plaintiffs' Amended Petition.

47.	Con-way denies the allegations contained in paragraph No. 47 of Plaintiffs' Amended Petition.

48.	Con-way denies the allegations contained in paragraph No. 48 of Plaintiffs' Amended Petition.

49.	Con-way denies the allegations contained in paragraph No. 49 of Plaintiffs' Amended Petition.

50.	Con-way denies the allegations contained in paragraph No. 50 of Plaintiffs' Amended Petition.

51.	Con-way admits that Defendant Richard Lee Aldrich was employed by and acting within the scope of his employment with Con-way Truckload at the time of the accident involving Plaintiff and Defendant, Ronald Harper.

52.	Con-way denies the allegations contained in paragraph No. 52 of Plaintiffs' Amended Petition.

53.	Con-way admits the allegations contained in paragraph 53 of Plaintiffs' Amended Petition.

54. Con-way admits that it is a motor carrier registered with the United States Department of Transportation and the Federal Motor Carrier Safety Administration. However, Con-way denies that it is a "motor carrier" or "private carrier" as defined by OKLA. STAT. tit. 47, § 230.22 and OKLA. STAT. tit. 47, § 230.23(9) as alleged in Plaintiffs' Amended Petition.

55. Con-way denies the allegations contained in paragraph No. 55 of Plaintiffs' Amended Petition.

56. Con-way is without sufficient information to either admit or deny the allegations in paragraph No. 56, therefore they are denied.

57. Con-way denies Plaintiffs' demand for judgment contained in paragraph No. 57 of Plaintiffs' Amended Petition.

## **AFFIRMATIVE DEFENSES**

I.

Plaintiffs failed to state a claim upon which relief can be granted.

II.

Plaintiffs' claims maybe barred by the doctrine of comparative fault.

III.

Plaintiffs' claims maybe barred by the doctrine of voluntary assumption of a known risk.

IV.

Con-way denies its agent, servants or employees committed any act of negligence which caused or contributed to the accident in question.

V.

The direct cause of the Plaintiffs' alleged injuries and damages was the negligence of third parties over whom Con-way had no control.

VI.

Plaintiffs' claims maybe barred by the doctrine of sudden emergency.

VII.

Plaintiffs' claims maybe barred by the doctrine of unavoidable accident.

VIII.

Plaintiffs' claims may be barred by Plaintiffs' own reckless conduct.

IX.

Should these Defendants be found to have committed an act of negligence, which is not admitted, but expressly denied, these Defendants state that their negligence was not the direct cause of Plaintiffs' alleged injury and damage, if any.

X.

Defendants assert that Plaintiffs were engaged in a joint venture at the time of the incident, thereby imputing any negligence to each of the joint venturers, barring any recovery in this matter.

XI.

Defendants are entitled to a credit or set-off for the total amount of any settlement entered into between Plaintiffs and Defendant Ronald Harper and/or Ronald Harper's insurer.

XII.

Plaintiff's Petition fails to state a claim for relief for property damage, attorneys' fees, punitive damages, or other causes of action not specifically asserted.

XIII.

Defendants, Con-way Truckload, Inc. and Con-way, Inc., reserve the right to amend or modify their Answer upon the completion of discovery.

WHEREFORE, premises considered, Defendants, Con-way Truckload, Inc. and Con-way, Inc., pray that they be dismissed from this cause of action with their costs and attorneys' fees expended herein, and for any and all other relief as the Court may deem just and proper

## COUNTER CLAIM

COME NOW the Defendants, Con-way Truckload, Inc. and Con-way, Inc. (collectively "Con-way"), and for their counterclaims against Crystal Dawn Albarran-Giron and the Estate of Juan Albarran-Giron state the following:

1. On December 24, 2008, Plaintiffs Crystal Dawn Albarran-Giron and Juan Albarran-Giron recklessly and/or negligently operated their motor vehicle which caused or contributed to all of the damages as set forth in the Amended Petition in this matter.

2. The reckless and/or negligent conduct of Crystal Dawn Albarran-Giron and Juan Albarran-Giron resulted in a collision which caused personal injuries to themselves and Defendant Ronald Harper, Juan Albarran-Giron's death, alleged emotional distress to Child A, Child B and Child C, and property damage to the Albarran-Giron and Harper vehicles.

3. The Plaintiffs/Counter Defendants Crystal Dawn Albarran-Giron and the Estate of Juan Albarran-Giron were engaged in a joint venture at the time of the accident in question and the parties were reckless and/or negligent in the following respects:

   A. The Albarran-Girons intentionally, recklessly and/or negligently allowed their vehicle to come to a stop in the traveled portion of the interstate highway, under night time conditions which directly caused the injuries in question.

   B. The Albarran-Girons recklessly and/or negligently exited the vehicle in question and placed themselves and their children in a position of danger upon the interstate highway under night time conditions.

C.  The Albarran-Girons recklessly and/or negligently pushed their vehicle down the highway, in the right-hand lane, thereby exposing themselves and their children to the risk of harm.

D.  The Albarran-Girons recklessly and/or negligently failed to take proper precautions to warn the traveling public that they and their vehicle were in the traveled portion of the interstate highway prior to the collision between the Albarran-Giron vehicle and the Harper vehicle.

E.  Juan Albarran-Giron was severely intoxicated at the time of the accident and Crystal Dawn Albarran-Giron knew or should have known of that level of intoxication. The combined reckless and/or negligent conduct of each of the Albarran-Girons relative to the intoxication level directly caused the damages which are being asserted in this litigation.

F.  The acts and/or omissions of Juan Albarran-Giron and Crystal Dawn Albarran-Giron that led to the collision between their vehicle and the vehicle driven by Defendant Harper, were in violation of Oklahoma Statutes and constitute negligence per se.

4.  The Con-way Defendants specifically deny that they, their agents, servants or employees committed any act of negligence which caused or contributed to Plaintiffs' alleged injury and damage, if any. However, in the event a finder of fact were to determine that Con-way or its driver committed any act of negligence which directly caused damages to the Plaintiffs, then Con-way Truckload, Inc., and Con-way, Inc., are entitled to statutory contribution over and against Crystal Dawn Albarran-Giron and Juan Albarran-Giron for all sums which the Con-way Defendants would be obligated to pay in excess of their share of responsibility.

WHEREFORE, premises considered, Defendants, Con-way Truckload, Inc. and Con-way, Inc., pray for judgment over and against Crystal Dawn Albarran-Giron and the Estate of Juan

Albarran-Giron (through surviving widow, Crystal Dawn Albarran-Giron) and for any and all other relief the Court may deem just and proper.

Respectfully submitted,

/s/ Randall E. Long, OBA #22216
DAN S. FOLLUO OBA #11303
RANDALL E. LONG OBA #22216
Rhodes, Hieronymus, Jones, Tucker, and Gable
P.O. Box 21100
Tulsa, OK 74121-1100
(918) 582-1173
(918) 592-3390 (facsimile)
Attorneys for Con-Way Truckload, Inc., Con-Way, Inc. and
Ace American Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 24 day of July, 2009, I electronically transmitted the foregoing document to the Clerk of the Court using ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

John L. Branum

Randall E. Long, OBA #22216